# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RODERICK GREGORY, )
)
      Plaintiff, )
)
    v. ) No. 4:10CV611 JCH
)
ST. LOUIS CITY JUSTICE CENTER, )
et al., )
)
      Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 95896), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #3]. Plaintiff will not be assessed an initial partial filing fee at this time. See 28 U.S.C. § 1915(b)(1). However, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are the St. Louis City Justice Center, Ivy Bott (nurse), Richard White (doctor), Unknown Duffy (nurse), Unknown Singer (doctor), and "all of the medical staff."

Plaintiff complains that he was misdiagnosed by doctors White and Singer and as a result, treated with medications that had no effect on his unnamed diagnosis. He claims that there were times he was in considerable pain and nurses Butt and Duffy refused to provide him with pain medication. Plaintiff asserts that after he continued to complain of pain, he was prescribed antibiotics by Dr. Singer "that do nothing to solve [his] [unnamed] digestive problem as a result of bullet wounds and operation in/on [his] stomach."

Plaintiff requests monetary damages for the alleged unlawful conduct.

## Discussion

The complaint is frivolous against the St. Louis City Justice Center because jails are not suable entities under § 1983. <u>Ketchum v. City of West Memphis, Ark.</u>, 974 F.2d 81, 82 (1992).

Plaintiff's claims against the doctors and nurses performing medical services at the St. Louis City Justice Center are also subject to dismissal.

The complaint is silent as to whether the individual defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the governmental entity is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978); Sanders v. Sears Roebuck and Company, 984 F.2d 972 (8th Cir.1993). The instant complaint does not contain any allegations that a policy or custom of a governmental entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, even if plaintiff had brought this action against defendants in their individual capacities, his claims would be subject to dismissal. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976);

Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff's allegations fail to rise to the level of a constitutional violation, as he has not identified exactly what his serious medical need was or indicated exactly how defendants disregarded those needs. Rather, it appears from the complaint that plaintiff has a mere disagreement with the treatment decisions made by the doctors and nurses. As such, his claims are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>19th</u> day of May, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE